FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 12, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEY TRONIC CORPORATION,<br><br>                Plaintiff,<br><br>   v.<br><br>COGNITIVE LLC,<br><br>                Defendant. | No.   2:24-CV-00249-RLP<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME RE DISCOVERY AND MOTION TO AMEND COUNTERCLAIMS AND DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT |

Before the Court is Key Tronic's Motion for Partial Summary Judgment, ECF No. 35, Cognitive LLC's Motion for Extension of Time Re Discovery, ECF No. 55, and Cognitive LLC's Motion to Amend Counterclaims, ECF Nos. 42. The Court heard oral argument on February 5, 2025. Attorney Abigail Staggers appeared for Plaintiff Key Tronic Corporation and attorney Mark Lorbiecki appeared for Defendant Cognitive LLC.

This litigation arises from a Manufacturing Services Agreement (MSA) between the parties. In December 2020, Key Tronic agreed to manufacture and supply thermal printers for Cognitive who sold them to its customers. The MSA contains an initial price

ORDER ~ 1

agreement and terms by which Key Tronic could increase the price if costs increased. Pursuant to the terms of the MSA, Key Tronic sent notice to Cognitive of a price increase. According to Key Tronic, Cognitive agreed to pay the increased price, later repudiated the agreement, and owed amounts remain unpaid. Key Tronic filed suit alleging Cognitive breached the MSA, and Cognitive counterclaimed.

Key Tronic filed a motion for partial summary judgment, seeking a ruling that Cognitive breached the MSA as a matter of law. Cognitive filed its motion seeking additional time for discovery and contends the facts will show that Key Tronic breached the contract first. Cognitive seeks the opportunity for discovery so it can adequately defend the summary judgment motion. Additionally, Cognitive seeks to amend its counterclaims.

## ANALYSIS

*Motion for Summary Judgment and Motion for Additional Time*

The first issue is Cognitive's request under Rule 56(d) that Key Tronic's Motion for Partial Summary Judgment be denied as premature so the parties can engage in necessary discovery.  ECF Nos 35, 55.  Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." However, Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1000 (9th Cir. 2002).

ORDER ~ 2

Rule 56(d) provides that if the nonmoving part "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). To succeed on a Rule 56(d) motion, the party opposing summary judgment must show that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). The Ninth Circuit has held a Rule 56(d) continuance should be granted "fairly freely." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation,* 323 F.3d 767, 773–74 (9th Cir. 2003) (internal quotation marks and citations omitted).

With its Rule 56(d) motion, Cognitive filed the Declaration of Mark Lorbieki, an attorney for Cognitive. ECF No. 56. Mr. Lorbieki states a defense to the summary judgment motion includes an allegation of prior breaches by Key Tronic. The declaration describes specific discovery Cognitive expects to pursue to investigate its defense, the facts it expects to elicit, and that those facts are necessary to defend the motion for partial summary judgment.

Based on the foregoing and for the reasons set forth more fully at the hearing, the Court concludes that a partial summary judgment determination is premature at this point in the litigation. The parties have not yet engaged in discovery even though this lawsuit

ORDER ~ 3

was filed more than a year ago. Key Tronic alleges Cognitive has delayed progress in the case in bad faith. However, the Court does not find that any delay was undue delay, as this case was stayed for some time while the parties negotiated and planned to participate in a settlement conference. The motion for partial summary judgment was filed before the Court's scheduling order was entered and before any discovery took place. To allow Cognitive a fair opportunity to defend the motion, and pursuant to Rule 56(d), the Court denies Key Tronic's Motion for Partial Summary Judgment without prejudice and with leave to renew, and grants Cognitive's Motion for Additional Time Re Discovery.

*Motion to Amend Counterclaims*

Cognitive seeks to amend its counterclaims to include additional claims under its Breach of Contract claim, and new claims of Negligence on the Part of a Bailee and Violation of Consumer Protection Act. ECF No. 42. Pursuant to Federal Rule of Civil Procedure 15(a)(2), district courts should "freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2).

However, a court need not grant leave to amend when the proposed amendment would prejudice the opposing party, is sought in bad faith, would produce an undue delay in the litigation, or would be futile. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). "Not all of the factors merit equal weight. It is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing amendment bears the

ORDER ~ 4

burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987). Generally, consideration of the factors "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877 (9th Cir. 1999).

Key Tronic contends Cognitive unduly delayed in seeking leave to amend; the Consumer Protection Act claim is insufficient; and that Cognitive acted in bad faith. As discussed more fully at the hearing, the Court does not find undue delay or bad faith. It is noted that Cognitive sought leave to amend well before the deadline to amend pleadings of March 2, 2026, and that discovery has not yet begun. As to the Consumer Protection Act claim, the Court finds the pleading requirements are met. Accordingly, Cognitive's request for leave to amend its counterclaims is granted.

However, the Court notes there is merit to Key Tronic's observation that Cognitive made numerous changes to its proposed amended pleading that were not included in the redline version attached to its motion. *See* ECF No. 50 at 10-11 (comparing paragraphs of ECF No. 21, Cognitive's Answer and Affirmative Defenses, to ECF No. 44-1, Cognitive's redlined proposed Amended Answer and Affirmative Defenses and Counterclaims). The Court gives Cognitive the benefit of the doubt and assumes this was inadvertent. Cognitive shall deliver to Key Tronic an accurately redlined version reflecting all changes to the amended counterclaim by the date indicated below.

ORDER ~ 5

**ACCORDINGLY**, **IT IS ORDERED**:

1. Key Tronic's Motion for Partial Summary Judgment, **ECF No. 35**, is **DENIED** without prejudice and with leave to renew.

2. Cognitive LLC's Motion for Additional Time Re Discovery, **ECF No. 55**, is **GRANTED**.

3. Cognitive LLC's Motion for Leave to Amend Counterclaims, **ECF No. 42**, is **GRANTED**.

    a. By **January 16, 2026**, Cognitive is directed to deliver to Key Tronic a complete and accurate redlined version of the Amended Answer, Affirmative Defenses, and Counterclaims, ECF No. 44-1, showing all amendments.

    b. By **January 20, 2026**, Cognitive shall file the proposed Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint, ECF No. 44-1, without redline.

    c. By **February 3, 2026,** Key Tronic shall file an amended Answer to the counterclaims.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** January 12, 2026



REBECCA L. PENNELL
DISTRICT COURT JUDGE

ORDER ~ 6